# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY RICE,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | **Case No. 1:26-cv-2182-KES-EGC**<br><br>**SCHEDULING ORDER (Fed. R. Civ. P. 16)**<br><br>**Discovery Deadlines:**<br>Initial Disclosures: September 17, 2026<br>Non Expert Discovery: September 3, 2027<br>Expert Disclosures: October 4, 2027<br>Rebuttal Expert Disclosures: November 1, 2027<br>Expert Discovery: December 3, 2027<br><br>**Non-Dispositive Motion Deadlines:**<br>Filing: December 17, 2027<br>Hearing: January 26, 2028<br><br>**Dispositive Motion Deadlines:**<br>Filing: December 22, 2027<br>Hearing: February 7, 2028<br><br>**Pre-Trial Conference**:<br>June 12, 2028 at 1:30 p.m.<br>Courtroom 6<br><br>**Trial**: August 8, 2028 at 8:30 a.m.<br>Courtroom 6<br>3 Trial Days |

## I. Date of Scheduling Conference

The Scheduling Conference was held on September 3, 2026.

## II. Appearances of Counsel

Sally Chenault appeared on behalf of Plaintiff Jeremy Rice.

Dean Carter appeared on behalf of Defendant United States of America.

**III. <u>Consent to Magistrate Judge</u>**

The United States District Judges of the Eastern District of California currently have the heaviest caseload in the nation. Therefore, pursuant to 28 U.S.C. § 636(c), the parties who have not consented to conduct all further proceedings in this case, including trial, before United States Magistrate Judge Erin Guy Castillo, are encouraged to consent to magistrate judge jurisdiction in an effort to have their case adjudicated in a timely and cost effective manner. Presently, when a civil trial is set before Judge Sherriff any criminal trial set which conflicts with the civil trial will take priority, even if the civil trial was set first. Continuances of civil trials under these circumstances will no longer be entertained, absent a specific and stated finding of good cause, but the civil trial will instead trail from day to day or week to week until the completion of either the criminal case or the older civil case. The parties are advised that they are free to withhold consent or decline magistrate judge jurisdiction without adverse substantive consequences.

**IV. <u>Initial Disclosure under Fed. R. Civ. P. 26(a)(1)</u>**

The parties are ordered to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before September 17, 2026.

**V. <u>Amendments to Pleadings</u>**

Any motions or stipulations requesting leave to amend the pleadings must be filed by no later than March 17, 2027. The parties are advised that filing motions and/or stipulations requesting leave to amend the pleadings by March 17, 2027, does not reflect on the propriety of the amendment or imply good cause to modify the existing schedule, if necessary. All proposed amendments must (A) be supported by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment requires any modification to the existing schedule, *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), and (B) establish, under Fed. R. Civ. P. 15(a), that such an amendment is not (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed in bad faith, or (4) futile, *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

**VI. <u>Discovery Plan and Cut-Off Dates</u>**

The parties are directed to disclose all expert witnesses, in writing, on or before October 4, 2027, and to disclose all rebuttal experts on or before November 1, 2027. The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. 26(a)(2), (A), (B) and (C) and shall include all information required thereunder.** Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not properly disclosed in compliance with this order. The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony. In addition, the provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

The parties are ordered to complete all non-expert discovery, **including motions to compel any non-expert discovery**, on or before September 3, 2027 and all expert discovery, **including motions to compel any expert discovery**, on or before December 3, 2027. Compliance with these discovery cutoffs requires motions to compel be filed and heard sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

***Discovery Disputes:***

The Magistrate Judge will resolve discovery disputes outside the formal Local Rule 251 procedures pursuant to the parties' request and agreement and in accordance with the deadlines set forth above. Within three (3) days of requesting an informal discovery dispute conference, the parties shall submit to the court and serve on opposing counsel a 2-3 page summary of the dispute. The parties' summaries (without exhibits or attachments) must be emailed to the chambers of Magistrate Judge Erin Guy Castillo at EGCorders@caed.uscourts.gov. Once the court receives the parties' summaries, an informal telephonic conference will be held within one week or as soon as is practicable.

**Prior to requesting an informal discovery dispute conference, the parties must speak with each other about the discovery dispute (in addition to any written correspondence the parties may engage in via letters and/or email).** This requirement may be accomplished in person, over the telephone or through videoconferencing. By requesting an informal discovery dispute conference, the parties are agreeing to be bound by any discovery ruling arising out of the informal proceedings.

If a formal motion is brought under Fed. R. Civ. P. 37, the parties must prepare and file a Joint Statement re Discovery Disagreement ("Joint Statement") as required by Local Rule 251. The Joint Statement must be filed 7 calendar days before the scheduled hearing date. Courtesy copies of all motion-related documents, declarations, and exhibits must be delivered to the Clerk's Office by 10:00 a.m. at least 4 court days before the scheduled hearing date. Motions will be removed from the court's hearing calendar if the Joint Statement is not timely filed or if courtesy copies are not timely delivered. To satisfy the meet and confer requirement set forth in Local Rule 251(b), the parties must confer by speaking with each other in person, over the telephone or via video conferencing before the hearing about the discovery dispute. The Court may issue sanctions against the moving party or the opposing party if either party fails to meet and confer in good faith.

## VII. <u>Pretrial Motion Schedule</u>

### A. Non-Dispositive Pretrial Motions

All non-dispositive pretrial motions (except motions to compel, addressed above), shall be filed by December 17, 2027, and heard on or before January 26, 2028. Non-dispositive motions are heard on Wednesdays at 9:30 a.m., before the United States Magistrate Judge Erin Guy Castillo in Courtroom 7.

Unless prior leave of the Court is obtained at least 14 days before the filing date, all moving and opposition briefs or legal memorandum in civil cases before Magistrate Judge Erin Guy Castillo shall not exceed twenty-five (25) pages. Reply briefs filed by the moving parties shall not exceed 10 pages.

In scheduling such motions, the parties shall comply with <u>Local Rule 230</u>. Before filing a motion, counsel shall engage in a prefiling meet and confer to discuss thoroughly the substance of

the contemplated motion and any potential resolution. Counsel should resolve minor procedural or other nonsubstantive matters during the meet and confer process so that briefing on motions that proceed to hearing are directed only to those substantive issues requiring resolution by the court. **In the notice of motion, counsel for the moving party shall certify that meet and confer efforts have been exhausted and include a summary of meet and confer efforts.**

The Magistrate Judge may grant Applications for an Order Shortening Time pursuant to Local Rule 144(e). However, if counsel does not obtain an Order Shortening Time, the Notice of Motion must comply with Local Rule 251.

Counsel may appear and argue non-dispositive motions by telephone, providing a request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than 3 court days before the noticed hearing date. In the event that more than one attorney requests to appear by telephone, it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the Court.

**B. Dispositive Pretrial Motions**

All dispositive pretrial motions shall be filed no later than December 22, 2027, and heard no later than February 7, 2028, in Courtroom 6 before the Honorable Kirk E. Sherriff, United States District Judge. In scheduling such motions, counsel shall comply with **Fed. R. Civ. P 56 and Local Rules 230 and 260**.

***Motions for Summary Judgment or Summary Adjudication*****:** Prior to filing a motion for summary judgment or motion for summary adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists, 2) determine whether the respondent agrees that the motion has merit in whole or in part, 3) discuss whether issues can be resolved without the necessity for briefing, 4) narrow the issues for review by the court, 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion, and 6) arrive at a Joint Statement of Undisputed Facts.

The moving party shall initiate the meeting and provide a draft of the Joint Statement of

Undisputed Facts. **In addition to complying with the requirements of Local Rule 260 the moving party shall file a Joint Statement of Undisputed Facts**.

In the Notice of Motion, the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.

## VIII. Pretrial Conference Date

The Pretrial Conference is set for June 12, 2028, at 1:30 p.m. in Courtroom 6 before the Honorable Kirk E. Sherriff, United States District Judge.

The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 281(a)(2).** The parties are further directed to submit a digital copy of their Pretrial Statement in Word format, directly to Judge Sherriff's chambers by email at KESorders@caed.uscourts.gov.

Counsel's attention is directed to **Rules 281 and 282 of the Local Rules** for the Eastern District of California, as to the obligations of counsel in preparing for the Pretrial Conference. The Court will insist upon strict compliance with those rules. In addition to the matters set forth in the Local Rules the Joint Pretrial Statement shall include a Joint Statement of the case to be used by the Court to explain the nature of the case to the jury during voir dire.

## IX. Trial Date

Trial is set for August 8, 2028, at 8:30 a.m. in Courtroom 6 before the Honorable Kirk E. Sherriff, United States District Court Judge.

a. This is a court trial.

b. Counsel's estimate of trial time: 3 days.

c. Counsel's attention is directed to Local Rule 285 for the Eastern District of California.

## X. Proposed Settlement Conference Dates

A Settlement Conference has not been scheduled. By no later than May 10, 2028, the parties shall file a joint statement 1) confirming that they have met and conferred, and 2) setting forth three to four proposed Settlement Conference dates in accordance with the Court's calendar.

## XI. Requests for Bifurcation, Appointment of Special Master, or Other Techniques to Shorten Trial

Not applicable at this time.

**XII. Related Matters Pending**

There are no pending related matters.

**XIII. Compliance with Federal Procedure**

All counsel appearing are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of California.

Additional requirements and more detailed procedures for courtroom practice before United States Magistrate Judge Erin Guy Castillo can be found at the United States District Court for the Eastern District of California's website (www.caed.uscourts.gov) under Judges, United States Magistrate Judge Erin Guy Castillo (EGC).[1] All parties and counsel shall comply with the guidelines set forth therein.

**XIV. Effect of this Order**

This order represents the best estimate of the Court and counsel as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested. The parties are advised that due to the impacted nature of civil cases on the district judges in the Eastern District of California, Fresno Division, that stipulations to continue set dates are disfavored and will not be granted absent good cause.

**Should counsel or a party appearing pro se fail to comply with the directions as set**

[1] In the area entitled "Case Management Procedures," there is a link to "Court Procedures."

**forth above, an ex parte hearing may be held and contempt sanctions, including monetary sanctions, dismissal, default, or other appropriate judgment, may be imposed and/or ordered.**

IT IS SO ORDERED.

Dated: **September 3, 2026**

Erin Sung Castillo

UNITED STATES MAGISTRATE JUDGE